

# In the United States Court of Federal Claims

No. 18-63C

(Filed: January 26, 2018)

**NOT FOR PUBLICATION**

**FILED**
JAN 2 6 2018
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| MITCHELL T. TAEBEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Pro Se Complaint; Sua Sponte ) Dismissal for Want of ) Jurisdiction, RCFC 12(h)(3). |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |

ORDER

The following items are currently before the court in this matter: (1) the complaint of pro se plaintiff Mitchell Taebel, ECF No. 1, filed under seal on January 11, 2018;[1] (2) plaintiff's application to proceed in forma pauperis, ECF No. 5, filed January 22, 2018; (3) plaintiff's motion to unseal the complaint, ECF No. 6, filed January 23, 2018; and, (4) an unfiled letter from plaintiff, received in the clerk's office on January 22, 2018, requesting electronic filing for all of his cases filed in this court. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court's jurisdictional analysis is set forth below.

I.   Background

Plaintiff's complaint states that it is a petition that "raises constitutional violations by the city [Los Angeles] to the U.S. Court." Compl., ECF No. 1 at 1. Indeed, the complaint names the City of Los Angeles as the defendant in this suit. Id. The one-paragraph complaint alleges that local police violated plaintiff's rights. Id. Plaintiff seeks monetary damages in the amount of $250,000,000. Id.

---

[1]   Upon receipt, the clerk's office filed plaintiff's complaint under seal because it contained personal identifiers, i.e., his social security number.

7016 3010 0000 4308 3723

II.     Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

III.    Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damage claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

IV.     Analysis

Plaintiff's complaint alleges civil rights violations by the arresting police officers. It is well settled that violations of constitutional rights, such as the rights to due process and equal protection, do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Further, the only proper defendant in this court is the United States. E.g., United States v. Sherwood, 312 U.S. 584, 588 (1941) (citations omitted). Because plaintiff seeks relief based on civil rights violations committed by local police officers, his claims are not within the jurisdiction of this court. E.g., Jefferson v. United States, 104 Fed. Cl. 81, 88-89 (2012).

V.      Conclusion

The complaint in this case must be dismissed.[2] Accordingly, plaintiff's application to proceed in forma pauperis is **GRANTED** for the limited purpose of determining this court's jurisdiction. Plaintiff's motion to unseal the complaint, ECF No. 6, filed January 23, 2018, is **DENIED** as moot.

---

[2]     The court has considered transfer of this suit to another federal court, but declines to do so because civil rights claims in California are subject to a one-year statute of limitations, a period which has run on the claims asserted here. See, e.g., Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999).

     The clerk's office is hereby directed to **FILE** plaintiff's January 22, 2018 letter as a **motion for a case management/electronic case filing (CM/ECF) account**; and, once filed, plaintiff's motion is **DENIED** as moot. The clerk's office is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

     Additionally, the clerk's office is directed to return any future filings not in compliance with this court's rules to plaintiff, unfiled, without further order of the court.

     IT IS SO ORDERED.

                                                                     PATRICIA E. CAMPBELL-SMITH
                                                                      Judge